UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| STEVEN DAVIDSON, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DAIMLER TRUCKS NORTH AMERICA LLC,<br><br>Defendant. | Case No.: |

**COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff STEVEN DAVIDSON, individually and on behalf of all others similarly situated, by and through his attorneys, BROWN, LLC and CRUMLEY ROBERTS LLP, files this Collective and Class Action Complaint against Defendant DAIMLER TRUCKS NORTH AMERICA LLC, and states as follows:

**INTRODUCTION**

1. This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, STEVEN DAVIDSON, individually and on behalf of all similarly situated persons employed by Defendant DAIMLER TRUCKS NORTH AMERICA LLC, arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1, *et seq.*, and the Workers Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 *et. seq*. ("WARN Act").

2. Defendant is an automotive industry manufacturer of commercial vehicles headquartered in Portland, Oregon, and is a wholly owned subsidiary of the German Daimler AG. This action arises out of Defendant's violations at its production plant in Mount Holly, North Carolina.

3.     Count I is brought under the FLSA, individually and as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of all persons who worked as hourly-paid production line workers at Defendant's Mount Holly, North Carolina plant at any time within the period of the three (3) years prior to the commencement of this action through the date of judgment (the "FLSA Collective"), and seeks relief for Defendant's failure to pay Plaintiff and the other FLSA Collective members for hours worked "off the clock," in excess of forty (40) in a workweek, in violation of the FLSA's overtime provisions. *See* 29 U.S.C. § 207(a)(1).

4.     Count II is brought under the NCWHA, individually and as a class action pursuant to Fed. R. Civ. P. 23, on behalf of all persons who worked as hourly-paid production line workers at Defendant's Mount Holly, North Carolina production plant at any time within the period of the two (2) years prior to the commencement of this action through the date of judgment (the "NCWHA Class"), and seeks relief for Defendant's failure to pay Plaintiff and the NCWHA Class members for hours worked "off the clock," up to forty (40) in a workweek, in violation of the NCWHA's requirements regarding the payment of wages. *See* N.C. Gen. Stat. § 95-25.6.

5.     Count III is brought under the WARN Act, individually and as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all persons employed by Defendant at its Mount Holly, North Carolina production plant who were laid off by Defendant in October 2019 (the "WARN Act Class"), and seeks relief for Defendant's mass layoff of employees without providing them at least sixty (60) days advance notice, in violation of the WARN Act.

## JURISDICTION AND VENUE

6.     This Court has subject-matter jurisdiction over Plaintiff's WARN Act and FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

7.     The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

8.     The court has personal jurisdiction over Defendant because it employed Plaintiff and all other members of the FLSA Collective, the WARN Act Class, and the NCWHA Class in

North Carolina

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**PARTIES**

10. Plaintiff STEVEN DAVIDSON is a resident of Gaston County, North Carolina.

11. Plaintiff worked for Defendant from approximately March 16, 2015 through approximately October 11, 2019 in Defendant's plant in Mount Holly, North Carolina.

12. Plaintiff has signed a consent form to join this lawsuit, which is attached as ***Exhibit 1***.

13. Defendant is a Delaware corporation with a principal business office at 4555 N. Channel Avenue c/o Cynthia Scott Mail Code: HQ637B-LGL Portland, OR 97217-7649.

14. Defendant's registered agent for service of process in North Carolina is CT Corporation System, 160 Mine Lake Ct Ste 200 Raleigh, NC 27615-6417.

**FACTUAL ALLEGATIONS**

**Defendant Violated the FLSA and NCWHA**

15. Defendant classified Plaintiff and other members of the FLSA Collective and NCWHA Class as hourly-paid, non-exempt production line workers, and has not guaranteed them any minimum weekly salaries.

16. Defendant formed an implied contract with hourly-paid production line workers to pay them for all hours worked, as evidenced by their practice of paying them an hourly rate for hours worked on the clock.

17. However, Defendant failed to pay hourly-paid production line workers to pay them for all hours worked, in derogation of its obligation under their implied contract.

18. Defendant maintained a common policy of prohibiting hourly-paid production line workers from being "clocked in" before and after their scheduled shifts, and/or during their meal breaks, regardless of whether they were working during such times.

19. As a result, hourly-paid production line workers regularly worked "off the clock" before and after their scheduled shifts, and/or during their meal breaks, and were not paid for such work.

20. In many weeks, the work hourly-paid production line workers performed "off the clock" occurred in excess of forty (40) hours in a workweek, and thus should have been compensated at time-and-a-half of their regular rates of pay, but was not.

21. Defendant knew that hourly-paid production line workers were working "off the clock" before and after their scheduled shifts, and/or during their meal breaks, but failed to compensate them for such time.

**Defendant Violated the WARN Act**

22. In October 2019, Defendant laid off over 500 other full-time employees at its Mount Holly, North Carolina plant, including Plaintiff.

23. The 500 employees Defendant laid off amounted to over 33 percent of the plant's full-time employees.

24. The laid-off employees were entitled to receive 60 days advance written notice under the WARN Act from the Defendant.

25. Defendant failed to give the employees notice at least sixty (60) days prior laying them off, in violation of the WARN Act.

26. Defendant failed to pay the Plaintiff and the other laid-off employees their respective wages, salary, commissions, bonuses, accrued holiday pay vacation which would have accrued for sixty (60) days following their respective layoffs without notice and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of the FLSA Collective, defined as:

> *All persons who worked as hourly-paid production line workers at Defendant's Mount Holly, North Carolina production plant at any*

*time within the period of the three (3) years prior to the commencement of this action through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

28. With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

29. The employment relationships between Defendant and every FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues are the same for every FLSA Collective member, such as:

    a. Whether the FLSA Collective members spent time working pre-shift;

    b. Whether the FLSA Collective members spent time working post-shift;

    c. Whether the FLSA Collective members spent time working during their meal breaks;

    d. Whether Defendant maintained a policy or practice of failing to pay FLSA Collective members for time spent working before and/or after their shifts and/or during their meal breaks;

    e. Whether Defendant failed to pay FLSA Collective members time and a half for all hours they worked over 40 in a workweek.

    f. Whether Defendant's violations of the FLSA were willful and/or in good faith.

30. Plaintiff estimates the FLSA Collective, including both current and former employees over the relevant period, will include several hundred members. The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

**RULE 23 CLASS ACTION ALLEGATIONS**

31. Plaintiff brings his NCWHA claims as a class action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on his own behalf and on behalf of the NCWHA Class, defined as:

> *All persons who worked as hourly-paid production line workers at Defendant's Mount Holly, North Carolina production plant at any time within the period of the two (2) years prior to the commencement of this action through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

32. Plaintiff brings his WARN Act claims as a class action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on his own behalf and on behalf of the WARN Act Class, defined as:

> *All persons employed by Defendant at its Mount Holly, North Carolina production plant who were laid off by Defendant in October 2019.*

Plaintiff reserves the right to amend this definition as necessary.

33. The members of the NCWHA Class and WARN Act Class are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates that there are several hundred members of each of the NCWHA Class and WARN Act Class. Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

34. There is a well-defined community of interest among members of the NCWHA Class and WARN Act Class and common questions of law and fact predominate in this action over any questions affecting individual members of the classes. These common legal and factual questions, include, but are not limited to, the following:

   a. Whether the NCWHA Class members spent time working pre-shift;

   b. Whether the NCWHA Class members spent time working post-shift;

   c. Whether the NCWHA Class members spent time working during their meal breaks;

   d. Whether Defendant maintained a policy or practice of failing to pay NCWHA Class members for time spent working before and/or after their shifts and/or during their meal breaks;

   e. Whether Defendant failed to pay NCWHA Class members time and a half for all hours they worked over 40 in a workweek;

f. Whether Defendant's violations of the NCWHA were willful and/or in good faith;

g. Whether Defendant's layoff of WARN Act Class members in October 2019 qualifies as a "mass layoff" under the WARN Act;

h. Whether Defendant provided WARN Act Class members written notice that complied with the requirements of the WARN Act.

35. Plaintiff's claims are typical of those of the members of the NCWHA Class and WARN Act Class in that he and all other class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from the same policies, practices, promises and course of conduct as all other NCWHA Class and WARN Act Class members' claims and his legal theories are based on the same legal theories underlying the claims of all other members.

36. Plaintiff will fully and adequately protect the interests of the NCWHA Class and WARN Act Class and has retained counsel who are qualified and experienced in the prosecution of WARN Act and wage and hour class actions. Neither Plaintiff nor his counsel has interests that are contrary to, or conflicting with, the interests of the NCWHA Class or the WARN Act Class.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

38. This case will be manageable as a Rule 23 Class action. Plaintiff and his counsel know of no unusual difficulties in this case and Defendant has advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

39. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct.

1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

40. Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 Class and declaratory relief is appropriate in this case with respect to the Rule 23 Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

**(Brought Individually and as a Collective Action Under 29 U.S.C. § 216(b))**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**FAILURE TO PAY OVERTIME**
**COUNT I**

41. Plaintiff re-alleges and incorporates all previous paragraphs herein.

42. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

43. 29 CFR § 785.19(a) provides, in part:

> Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating.

44. Defendant is an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

45. Defendant is an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

8
Case 3:19-cv-00543-RJC-DCK   Document 1   Filed 10/17/19   Page 8 of 13
COLLECTIVE AND CLASS ACTION COMPLAINT

46. Plaintiff and other FLSA Collective Members worked many workweeks in excess of 40 hours within the last three years.

47. In many weeks, the work Plaintiff and other members of the FLSA Collective performed "off the clock" occurred in excess of forty (40) hours in a workweek, and thus should have been compensated at time-and-a-half of their regular rates of pay, but was not.

48. Defendant's failure to pay Plaintiff and other FLSA Collective members overtime wages was knowing and willful. Defendant knew that their policies resulted in Plaintiff and FLSA Collective members not being paid for time spent working outside of their scheduled shift, and Defendant could have properly compensated them for such work, but did not. *See* 29 U.S.C. § 255(a) ("[A] cause of action arising out of a willful violation [of the FLSA] may be commenced within three years….").

49. Defendant's failure to pay Plaintiff and other FLSA Collective members overtime was not done in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement policy of such departments.

50. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

51. Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

52. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the FLSA Collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT II**

**(Brought Individually and as a Class Action Under Rule 23)**
**<u>Violations of the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.6</u>**
**<u>FAILURE TO PAY WAGES</u>**

53. Plaintiff re-alleges and incorporates all previous paragraphs herein.

54. Plaintiff and NCWHA Class members were employed by Defendant within the meaning of the NCWHA, and were not exempt from the statute's requirements.

55. N.C. Gen. Stat. § 95-25.6 has provided:

> Every employer shall pay every employee all wages and tips accruing to the employee on the regular payday. Pay periods may be daily, weekly, bi-weekly, semi-monthly, or monthly.

56. At all times relevant to this action, Defendant maintained contracts with Plaintiff and every other NCWHA Class member which required them to pay each employee for each hour they worked at his or her contractual hourly rate as provided therein.

57. Plaintiff and every other NCWHA Class member performed under the contract by working "off the clock" before and after their scheduled shifts, and/or during their meal breaks, and thus wages were "accruing" to them within the meaning of 63. N.C. Gen. Stat. § 95-25.6.

58. Defendant violated N.C. Gen. Stat. § 95-25.6 by failing to pay Plaintiff and other NCWHA Class members wages accrued from time spent working "off the clock" before and after their scheduled shifts, and/or during their meal breaks.

59. As a result of Defendant's violations of the North Carolina Wage and Hour Act, Plaintiff and the NCWHA Class members are entitled to recover unpaid wages dating two (2) years back, *see* N.C. Gen. Stat. § 95-25.22(f), plus an additional equal amount in liquidated damages, reasonable attorneys' fees, and costs of this action, pursuant to N.C. Gen. Stat. § 95-25.22.

**COUNT III**

**(Brought Individually and as a Class Action Under Rule 23)**
**WARN Act**
**<u>FAILURE TO PROVIDE NOTICE</u>**

60. Plaintiff re-alleges and incorporates all previous paragraphs herein.

61. Defendant is an "employer" Plaintiff and the other members of the WARN Act Class, for purposes of the WARN Act.

62. Defendant employed 100 or more full-time employees.

63. In October 2019, Defendant laid off over 500 full-time employees at it Mount Holly, North Carolina plant, including Plaintiff and the other members of the WARN Act Class.

64. The 500 employees Defendant laid off amounted to over 33 percent of the plant's full-time employees.

65. The layoffs qualify as a "mass layoff" for purposes of the WARN Act. *See* 29 U.S.C. § 2101(a)(3).

66. Defendant's actions at the Mount Holly, North Carolina plant resulted in Plaintiff and the other members of the WARN Act Class suffering an "employment loss" as that term is defined by the WARN Act (29 U.S.C. § 2101(a)(6)) for at least 33% of its workforce, and at least 50 of its employees, excluding (a) employees who worked less than six of the twelve months prior to the date WARN notice was required to be given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

67. Pursuant to the WARN Act, Defendant was required to provide 60 days prior written notice of the layoff, or notice as soon as practicable, to the affected employees, on their representative, explaining why the sixty (60) day prior notice was not given.

68. Defendant failed to give Plaintiff and other WARN Act Class members notice at least sixty (60) days prior laying them off, in violation of the WARN Act.

69. Defendant failed to pay the Plaintiff and other WARN Act Class members their respective wages, salary, commissions, bonuses, accrued holiday pay vacation which would have accrued for sixty (60) days following their respective layoff without notice and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

70. The Plaintiff and each of the WARN Act Class members who were employed by the

Defendant's mass layoff at the Mount Holly, North Carolina plant were "affected employees" as defined by the WARN Act.

71. The Plaintiff and each of the WARN Act Class members are "aggrieved employees" of the Defendant as that term is defined by the WARN Act.

72. As a result of the Defendant's failure to pay wages, benefits and other monies as asserted, the Plaintiff and WARN Act Class members were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of their layoff.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff, Steven Davidson, requests an entry of an Order the following relief:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA overtime claims set forth herein (Count I);

b. Certifying this action as a class action (for the Rule 23 Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's NCWHA and WARN Act claims (Counts II and III);

c. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members, NCWHA Class members, and WARN Act Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

d. Designating Plaintiff as the representative of the NCWHA Class and WARN Act Class, and undersigned counsel as Class counsel for the same;

e. An incentive award for the Plaintiff for serving as representative of the FLSA Collective, NCWHA Class, and WARN Act Class in this action;

f. Declaring Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

g. Declaring Defendant violated the NCWHA and that said violations were intentional, willfully oppressive, fraudulent and malicious;

h. Declaring Defendant violated the WARN Act and that said violations were intentional, willfully oppressive, fraudulent and malicious;

i. Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective, the NCWHA Class, and WARN Act Class the full amount of damages and liquidated damages available by law;

j. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by statute;

k. Awarding pre- and post-judgment interest to Plaintiff on these damages; and

l. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, Steven Davidson, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: October 17, 2019

RESPECTFULLY SUBMITTED,

By: /s/ Brian L. Kinsley
Brian L. Kinsley
CRUMLEY ROBERTS LLP
2400 Freeman Mill Road
Greensboro, NC 27406
T: (800) 288-1529
F: (336) 333-9894
BLKinsley@crumleyroberts.com
NC State Bar No.: 38683

*Local Counsel for Plaintiff*

Jason T. Brown (will PHV)
Nicholas Conlon (will PHV)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Lead Counsel for Plaintiff*