UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00543-RJC-DCK

| | |
|---|---|
| STEVEN DAVIDSON, *individually, and on behalf of others similarly situated*, | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )    **ORDER** |
| | ) |
| DAIMLER TRUCKS NORTH AMERICA LLC, | ) |
| | ) |
| **Defendants.** | )<br>) |

**THIS MATTER** comes before the Court on Plaintiff's Unopposed Motion for Approval of Settlement and Dismissal of the Excluded Opt-In Plaintiffs Without Prejudice ("Motion"). (DE 52). Having reviewed and considered the unopposed Motion of Plaintiff Steven Davidson ("Named Plaintiff"), the arguments of counsel, and the applicable law, the Court now enters this Approval Order and **FINDS**, **CONCLUDES**, and **ORDERS** as follows:

## I. NATURE OF CIVIL ACTION

Named Plaintiff alleged and/or contended in this Civil Action, among other things, that Defendant failed to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and violated the Workers Adjustment and Retraining Notification Act of 1988 ("WARN Act"), 29 U.S.C. §§ 2101-2109, *et seq.* Named Plaintiff filed this Civil Action on October 17, 2019, alleging that he and similarly situated employees were unlawfully denied overtime compensation for "off-the-clock" work performed pre- and post-shift.

Defendant denies all of Named Plaintiff's material allegations. Specifically, Defendant asserts that it had complied with the law at all times and that the Named Plaintiff's claims lack merit, and that the action could not properly be maintained as a collective action.

## II. JURISDICTION

This Court has jurisdiction over the subject matter of this Civil Action and all matters related to this Civil Action, including all claims alleged and contentions made in this Civil Action and/or released in the Agreement, and has personal jurisdiction over the Named Plaintiff, Defendant and all Opt-In Plaintiffs. More specifically, this Court has federal question jurisdiction over this Civil Action pursuant to 28 U.S.C. § 1331, and Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b).

## III. APPROVAL OF SETTLEMENT

The Court has reviewed and considered the terms of the parties' Joint Stipulation of Settlement ("Joint Stipulation"),[1] including Defendant's agreement to provide a $189,250.00 Gross Settlement Fund, the plan of allocation of the Gross Settlement Fund, and the provisions pertaining to Released Claims. The Court has also read and considered Named Plaintiff's Motion and its supporting exhibit, including the Declaration of Jason T. Brown, Esquire, in support of the motion. Based upon the Court's review and consideration of those papers, and the Court's familiarity with this case, the Court finds and concludes that the settlement is the result of arm-length negotiations between the Parties after Named Plaintiff's Counsel adequately investigated the Released Claims of the Named Plaintiff and the Opt-In Plaintiffs and became familiar with their strengths and weaknesses.

The Court also finds and determines that the Settlement Payments to be made to the Named Plaintiff and the Opt-In Plaintiffs, as provided for in the Joint Stipulation and Exhibit 1 thereto, are fair and reasonable.

The Court additionally finds and determines that the Joint Stipulation is not a concession

---

[1] The terms used herein shall have the same meaning as set forth in the Parties' Joint Stipulation.

or admission of liability by Defendant, and it shall not be used or construed for any purpose against Defendant as an admission of liability with respect to any alleged claim or any fault or omission by Defendant.

## IV. NAMED PLAINTIFF AND OPT-IN PLAINTIFFS' RELEASE OF CLAIMS

The Court has reviewed and considered the provisions in the Joint Stipulation setting forth the Released Claims and finds such provisions to be fair, reasonable, and enforceable under the FLSA and all other applicable laws. Named Plaintiff and each Opt-In Plaintiff shall be and hereby are bound by the release of the Released Claims for the Release Period and all other terms and provisions of the Joint Stipulation. The Excluded Opt-in Plaintiffs will not release any claims.

## V. EFFECTUATING AGREEMENT

The Parties, as well as all Opt-In Plaintiffs, shall and hereby are ordered to comply with this Approval Order and all terms of the Joint Stipulation.

## VI. SERVICE AWARD TO THE NAMED PLAINTIFF

The Court approves a $1,000.00 Service Award to the Named Plaintiff, as set forth in the Joint Stipulation. The Court finds that the Named Plaintiff has taken significant action to protect the interests of the Opt-In Plaintiffs, and the Opt-In Plaintiffs have benefited considerably from those actions. Furthermore, Named Plaintiff's Counsel attest that the Named Plaintiff was substantially involved in the proceeding throughout the Civil Action.

## VII. PLAINTIFF'S COUNSEL'S ATTORNEYS' FEES AND LITIGATION EXPENSES

The Court finds that the payments of $63,083.00 in attorneys' fees and $6,316.31 in litigation expenses and costs to Collective Counsel are fair and reasonable. *See Faile v. Lancaster Cty.*, 2012 U.S. Dist. LEXIS 189610, at *28-29 (D.S.C. Mar. 8 2012) (citing *Bredbenner v. Liberty Travel, Inc.*, 2011 U.S. Dist. LEXIS 38663 (D.N.J. Apr. 8, 2011) ("the court cited to cases from district courts throughout the country in common fund cases where attorney's fee awards

3

'generally range anywhere from nineteen percent (19%) to forty-five percent (45%) of the settlement fund.'")); *Howes v. Atkins*, 668 F. Supp. 1021 (E.D. Ky. 1987) (awarding 50% of $1,000,000 common fund, including expenses); *In re Ampicillin Antitrust Litigation*, 526 F. Supp. 494 (D.D.C. 1984) (awarding 45% of $7,300,000 common fund plus costs); *Beaulieu v. Eq. Industrial Services, Inc., Et Al*, 5:06-CV-00400-BR (E.D. N.C. Oct. 9, 2009) (awarding 38% of the $7,850,000.00 common fund plus costs).

## VIII. SETTLEMENT ADMINISTRATION EXPENSES

The Court approves the appointment of Simpluris, Inc. as the Settlement Administrator and the payment of settlement administration fees, costs and expenses in the amount of $5,000, pursuant to the Joint Stipulation.

## IX. ENFORCEMENT OF OBLIGATIONS

Nothing in this Approval Order shall preclude any action to enforce the Parties' obligations under the Joint Stipulation or this Approval Order, including the requirement that Defendant make the Settlement Payments in accordance with the terms of the Joint Stipulation and the permanent injunction set forth in this Approval Order.

## X. FINAL JUDGMENT, PERMANENT INJUNCTION, AND DISMISSAL OF CIVIL ACTION WITH PREJUDICE

Pursuant to this Approval Order, this Court hereby enters final judgment in the Civil Action, as defined by Federal Rule of Civil Procedure 58(a)(1).

The Named Plaintiff and Opt-In Plaintiffs, and anyone acting on behalf of any Named Plaintiff or Opt-In Plaintiff shall be and hereby are barred and enjoined from: (a) further litigation in this case; or (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on an individual, class, collective or other representative action basis any action, claim or proceeding against Defendant and/or any other Released Parties in any forum in which

any of the Released Claims are asserted in whole or in part and on any basis, or which in any way would prevent any such claims from being fully and finally extinguished by operation of this Approval Order.

This Civil Action shall be and hereby is dismissed with prejudice as to the Named Plaintiff and the Opt-In Plaintiffs, with each side to bear its own costs and attorneys' fees except as expressly provided by the Joint Stipulation and this Approval Order.

This Civil Action shall be and hereby is dismissed without prejudice as to the Excluded Opt-in Plaintiffs: Matthew Aycock, Kim E. Dearrington, Matthew Dunton, Joaquin Johnson, Joseph A. Landry, Jenay Nole, Briana Oates, Robert Riggins, Frederick Darrell Sturgis Jr, Brian S. Sullivan, Lauren Baker Walker, Terrill Demond Watkins, and Robert B. Watson.

The Court hereby finds and determines that, because the settlement set forth in the Joint Stipulation is made and approved pursuant to the FLSA, notice to government officials, as contemplated under the Class Action Fairness Act in connection with the settlement of a class action, is not required pursuant to 28 U.S.C. section 1715.

## XI. CONTINUING JURISDICTION

Without affecting the finality of the Court's judgment and this Approval Order in any way, the Court retains jurisdiction over this Civil Action for purposes of resolving issues relating to the interpretation, administration, implementation, effectuation and enforcement of the Joint Stipulation and this Approval Order.

## XII. SETTLEMENT APPROVAL

Based on all these findings and the applicable legal standards, the Court concludes that the proposed Joint Stipulation meets all applicable criteria for settlement approval and Orders the Parties to distribute the payments required under the Joint Stipulation. The Motion is **GRANTED**, and this matter is dismissed with prejudice as to the Named Plaintiff and Opt-In Plaintiffs, and

without prejudice as to the Excluded Opt-In Plaintiffs.

**SO ORDERED**

Signed: November 19, 2021

Robert J. Conrad, Jr.
United States District Judge